UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY T. BOND AND KERRI BOND**, Individually and on behalf of all others similarly situated, | : : : : | **CLASS ACTION COMPLAINT** |
| and | : : | *Jury Trial Demanded* |
| **SCHMIDT FAMILY ENTERPRISES, LLC**, Individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | |
| **ANTERO RESOURCES CORPORATION** | : : | |
| and | : : | |
| **ANTERO RESOURCES MIDSTREAM MANAGEMENT, LLC** | : : : : | |
| Defendants. | : | |

**PARTIES**

1. Plaintiffs Jeffrey T. Bond and Kerri Bond, husband and wife, are legal residents of the State of Ohio and reside in Noble County. At all times relevant to the allegations in this Complaint, Jeffrey T. Bond and Kerri Bond, were owners and the lessors of mineral interests in tracts of land in Noble County, Ohio.

2. Plaintiff, Schmidt Family Enterprises, LLC is a Louisiana Limited Liability Company. At all times relevant to the allegations in this Complaint, Schmidt Family Enterprises, LLC was the owner and lessor of mineral interests in tracts of land in Noble County, Ohio. Schmidt Family Enterprises, LLC obtained its interest by transfer from James A. Schmidt and Bonnie J. Schmidt.

1

3. Defendant, Antero Resources Corporation, ("Antero") is a corporation organized under the laws of the State of Delaware with its principal place of business located at 1615 Wynkoop Street, Denver, Colorado, 80202. The registered agent for service of process is CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114. Defendant was the lessee of Plaintiffs' mineral interests.

4. Defendant, Antero Resources Midstream Management, LLC, ("Antero Midstream") is a limited liability company organized under the laws of the State of Delaware and a direct subsidiary affiliate of Antero Resources Corporation with its principal place of business located at 1615 1615 Wynkoop Street, Denver, Colorado, 80202. The registered agent for service of process is CT Corporation System, 1300 East Ninth Street, Cleveland, Ohio 44114.

## JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C. §1332.

6. The named Plaintiffs are either citizens of the State of Ohio, or own or mineral interests in the State of Ohio, which are the subject of this Complaint as set forth in paragraphs 1-2 and the Defendants are a Delaware Corporation and a Delaware Limited Liability Company, both with their principal place of business in Denver, Colorado.

7. The amount in controversy is met for diversity jurisdiction as the total of Plaintiffs' claims for compensatory and punitive damages exceed $75,000 for each Plaintiff and each putative class member.

8. The claims asserted by the Plaintiff Class, aggregated as required by 28 U.S.C. §1332(d), exceed $5,000,000 within the meaning of 28 U.S.C. §1332(d)(2).

9. The Plaintiff class exceeds 100 in number within the meaning of 28 U.S.C. §1332(d)(5)(B).

**FACTS COMMON TO ALL CLAIMSFOR RELIEF**

10. Antero Resources Corporation, formerly known as Antero Resources Appalachian Corporation, is a natural gas and oil producer, who at all times relevant to this Complaint was the driller of wells and the producer of natural gas and oil in what is commonly known as the Marcellus and Utica Shale regions of the State of Ohio.

11. Plaintiffs at all times relevant to this complaint were the owners of mineral rights within the above described producing region.

12. Plaintiffs at various times entered into individual leases with Defendant Antero.

13. Defendant Antero used a standardized lease whereby the terms and conditions relevant to this complaint are the same for each Plaintiff. A copy of the lease between Plaintiffs James A Schmidt and Bonnie J. Schmidt and Defendant Antero is attached as Exhibit 1.

14. The leases permitted the drilling of oil and gas wells by Antero in return for royalty payments to the owners of the mineral rights.

15. The lease between the parties regarding the payment for Oil states:

> <u>Oil</u>, Lessee shall pay Lessor Twenty One Percent (21%) of the gross proceeds of all oil, other liquid hydrocarbons, and by-products produced from or on the Leasehold Estate and sold by Lessee in an arm's length transaction. In the event that Lessee sells all or part of the oil and other liquid hydrocarbons produced from the Leasehold Estate to an Affiliated Entity, the value thereof shall be the highest price offered to Lessee through Lessee's bidding process for the sale of such oil.

16. The lease between the parties regarding the payment for Gas states:

> <u>Gas,</u> Lessee shall pay Lessor Twenty One Percent (21%) of the gross proceeds received by Lessee for all gas and other hydrocarbons and by-products produced from or on the Leasehold Estate and sold by Lessee in an arms length transaction of or through an Affiliated Entity on the sales or re-sales of such gas, the value thereof shall be the higher of

3

>  the sales price received by the Lessee or (b) the sale price received on all of the Affiliated Entity's sales of the aggregated production volumes, where such aggregated production volumes include production from the Leasehold Estate during applicable months of sales.

17. The lease between the parties regarding all royalties being paid without deduction states:

> <u>Market Enhancement Clause</u>. It is agreed between the Lessor and Lessee that, notwithstanding any language herein to the contrary, all royalties for oil, gas or other production (including but not limited to natural gas liquids and/or condensate such as ethane, propane and butane) accruing to the Lessor under this Lease shall be paid ***without deduction*** directly or indirectly, for the costs or expenses of Lessee (or an Affiliate of Lessee relating to producing, gathering, storing, separating, treating, dehydrating, compressing, processing, transporting and marketing the oil, gas and other products produced hereunder; provided, however, Lessee may deduct from Lessor's royalties accruing under the Lease, Lessor's proportionate share of any cost or expense actually incurred or charged to Lessee by a third party that is not owned or controlled by Lessee and relating thereto on the express condition such costs or expenses are necessarily incurred to enhance the value of the oil, gas or other products, including transforming product into a marketable form, and in any such case, the computation of the Lessor's royalty shall include the additional consideration, if any, paid to Lessee as a result of any enhancement of the market value of such products.

18. The lease between the parties regarding when payment of royalties must be made states:

> <u>When Royalties Must Be Paid</u>: All royalties that may become due hereunder shall commence to be paid on the first well completed on the Leased Premises within one hundred-eighty (180) days after the first day of the month following the month during which any well is completed and commences production into a pipeline for the sale such production. On each subsequent well, royalty payments must commence within one hundred-twenty (120) days after the first day of the month following the month during which any well is completed and commences production into a pipeline for sale of such production. Thereafter,

4

> all royalties on all oil shall be paid to the Lessor on or before the last day of the second month following the month of production, and all royalties on gas shall be paid to Lessor on or before the last day of the third month following the month of production. Royalties not paid when due shall bear interest at the prime rate, plus five percent (5%). per anum. Lessor(sic) may withhold royalties without obligation to pay interest in the event of a bona fide dispute or a good faith question of royalty entitlement (either as to ownership or as to amount)

## FIRST CLAIM FOR RELIEF
### Breach of Contract/Breach of Fiduciary Duty

19. Plaintiffs incorporate all averments contained in paragraphs 1-18 above as if fully restated and re-written herein.

20. Defendant Antero has failed to pay Plaintiffs any royalties on a yet to be determined amount of oil produced.

21. Defendant had an affirmative duty to pay Plaintiffs the true and correct royalty due them.

22. Defendant had the fiduciary duty to account for all sales of oil produced and to act as fiduciary for the monies owed to Plaintiffs and failed to do so.

23. Defendant intentionally violated both its contractual and fiduciary duty to Plaintiffs.

24. The acts and conduct of the Defendant were willful and wanton in utter disregard of Plaintiffs' rights.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

25. Plaintiffs incorporate all averments and allegations contained in paragraphs 1-24 above as if fully restated and re-written herein.

26. Defendant Antero has failed to pay Plaintiffs the required percentage of gross proceeds from the sale of Oil produced and from which royalties were paid.

27. Despite the parties having a contract containing specific language to the contrary, Defendant Antero deducts the costs of gathering, designated (GTH) on the remittance statements, stabilizing, designated (STB) on the remittance statements and transportation, designated (TRN) on the remittance statements as well as other costs including passing on to Plaintiffs the Ohio Severance Tax, which Defendant is responsible for.

### THIRD CLAIM FOR RELIEF
**Breach of Contract**

28. Plaintiffs incorporate all averments and allegations contained in paragraphs 1- 27 above as if fully restated and re-written herein.

29. Defendant Antero has failed to pay Plaintiffs royalties based on the true sales price received by Defendant for the sale of oil and gas produced, however Defendant has failed to do so instead using a specific date market value for the purpose of royalty calculation.

30. Defendant Antero has entered into futures contracts that has produced sales prices of oil and gas which are above the market value when the product is delivered.

31. Under the agreements between the Plaintiffs and the Defendant, Plaintiffs were to receive royalties on the actual sales price, not the market value.

32. The acts and conduct of the Defendant were willful and wanton and were done in an attempt to deceive Plaintiffs and done to avoid paying Plaintiffs the actual amount of royalties due to them.

### FOURTH CLAIM FOR RELIEF
**Breach of Contract**

33. Plaintiffs incorporate all averments and allegations contained in paragraphs 1-32 above as if fully restated and re-written herein.

34. Defendant Antero has failed to pay Plaintiffs any royalties on a yet to be determined amount of natural gas produced.

35. Defendant had an affirmative duty to pay Plaintiffs the true and correct royalty due them.

36. Defendant had the fiduciary duty to account for all sales of natural gas and to act as fiduciary for the monies owed to Plaintiffs and failed to do so.

37. Defendant intentionally violated both its contractual and fiduciary duty to Plaintiffs.

38. The acts and conduct of the Defendant were willful and wanton in utter disregard of Plaintiffs' rights.

### FIFTH CLAIM FOR RELIEF
**Breach of Contract**

39. Plaintiffs incorporate all averments and allegations contained in paragraphs 1-38 above as if fully restated and re-written herein.

40. Defendant Antero has failed to pay Plaintiffs the required percentage of gross proceeds from the sale of natural gas produced and from which royalties were paid.

41. Despite containing specific language to the contrary, Defendant Antero deducts the costs of gathering, designated (GTH) on the remittance statements; compression, designated (COM) or (CMR) on the remittance statements; transportation, designated (TRN) on the remittance statements and Fuel, designated (FUL) on the remittance statements. as well as

passing on to Plaintiffs the Ohio Severance Tax and Ohio Commercial Activity Tax that Defendant is responsible for the payment of.

42. Defendant Antero either directly deducts the costs or uses unidentified and unaccounted for (Ghost Royalty Deductions) to recover costs and most of the costs are paid directly to Defendant Antero's affiliate Antero Midstream.

## SIXTH CLAIM FOR RELIEF
### Breach of Contract

43. Plaintiffs incorporate all averments and allegations contained in paragraphs 1-42 above as if fully restated and re-written herein.

44. Defendant Antero has paid no royalties to Plaintiffs regarding the production of natural gas liquids (NGLS) and/or condensate, such as ethane, butane and propane.

45. Defendant had an affirmative duty to pay Plaintiffs the true and correct royalty due them.

46. Defendant had the fiduciary duty to account for all sales of NGLS and to act as fiduciary for the monies owed to Plaintiffs and failed to do so.

47. Defendant intentionally violated both its contractual and fiduciary duty to Plaintiffs.

48. The acts and conduct of the Defendant were willful and wanton in utter disregard of Plaintiffs' rights.

## SEVENTH CLAIM FOR RELIEF
### Fraudulent Misrepresentation

49. Plaintiffs incorporate all averments and allegations contained in paragraphs 1- 48 above as if fully restated and re-written herein.

50.     Defendant Antero provides a monthly statement to Plaintiffs that Defendant represents is an accurate account of royalties owed to Plaintiffs based on the oil and natural gas sold for the specific accounting period.

51.     Defendant Antero as a routine practice misrepresented to Plaintiffs the actual quantity of both oil and gas sold, as well as deductions taken on the remittance statements provided to Plaintiffs.

52.     Defendant's misrepresentation was material to the transaction between Defendant and Plaintiffs as it affected the royalties received by Plaintiffs.

53.     Defendant made the representation knowing that it was false.

54.     Defendant's intent was to mislead the Plaintiffs into believing that they were entitled to a lesser royalty than that actually due.

55.     Plaintiffs relied to their detriment on the representation of Defendants as presented in their monthly remittance statement.

56.     Plaintiffs have been injured by their reliance in that they failed to receive the proper amount of royalties due to them.

## EIGHTH CLAIM FOR RELIEF
### Fraudulent Misrepresentation

57.     Plaintiffs incorporate all averments and allegations contained in paragraphs 1- 56 above as if fully restated and re-written herein.

58.     Defendant Antero through its agents solicited Plaintiffs for the purpose of entering into gas and oil leases.

59.     In soliciting Plaintiffs, Defendant represented to Plaintiffs that they would be paid a set percentage that would not be subject to any deductions.

60. Defendant's representation was material in that it induced Plaintiffs to enter into their respective lease agreements.

61. Defendant knew that the representation was false.

62. Defendant's intent was to mislead the Plaintiffs in order to secure lease agreements that Plaintiffs would not have otherwise entered into.

62. Plaintiffs relied on Defendant's representation to their detriment.

63. Plaintiffs have been injured by Defendant's false representations by not receiving the royalties which Defendant had represented they would receive.

### NINTH CLAIM FOR RELIEF
### Civil Conspiracy

64. Plaintiffs incorporate all averments and allegations contained in paragraphs 1- 63 above as if fully restated and re-written herein.

65. Plaintiffs are informed and allege that Defendants, Antero and Antero Midstream have conspired and acted in concert to mislead and deceive Plaintiffs into believing that they did not take any deductions from their royalty payments and/or to lead Plaintiffs to believe that costs were being paid to a non-affiliate.

66. Plaintiffs, based on reliance of the representations and corresponding overt actions of the Defendants as to the payment of royalties have been injured in that they did not receive the actual amount of royalties due to them.

67. Defendants have acted with full knowledge that their actions were unlawful.

### CLASS ACTION ALLEGATIONS

68. Plaintiffs incorporate all averments and allegations contained in paragraphs 1-67 above as if fully restated and re-written herein.

69. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action and seek certification of the claims and certain issues in this action on behalf of a Class defined as:

> all owners of mineral interests of property located in the State of Ohio who have entered into a lease agreement with Antero Resources Corporation whereby Antero agrees to pay a certain royalty percentage for the right to oil and gas well drilling and production.

70. Plaintiffs reserve the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified. Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also, excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members or their immediate families and judicial staff.

71. Plaintiffs will fairly and adequately protect the interests of the class regarding the common issues of fact and law and have hired competent counsel to prosecute said action for and on behalf of Plaintiffs and the Class.

72. The class includes hundreds of persons and/or entities and is, therefore, so numerous that joinder of all members is impracticable

73. The prosecution of this civil action by Class members in separate actions would create a risk of yielding inconsistent and conflicting adjudications regarding individual members of the Class.

74. The questions of law and fact within Plaintiffs' complaint are common to the Class.

11

75. Certification of this class action is appropriate under Rule 23 of the Federal Rules of Civil Procedure because the questions of law or fact common to the respective members of the Class predominate over questions of law or fact affecting only individual members. The interests of members of the Class on common questions of law and fact in individually controlling the prosecution of separate actions does not outweigh the benefits of a class action on those issues.

76. The difficulties in management of this case as a class action are outweighed by the benefits regarding disposing of common issues of law and fact as to the large number of litigants, and it is desirable to concentrate the litigation in one forum as a method for obtaining redress for claims that would not be practical to pursue individually.

77. Absent a class action, it would be highly unlikely that the representative Plaintiffs or any members of the Class or any subclass would be able to protect their own interests because the costs of litigation through individual lawsuits might exceed expected recovery.

78. Jurisdiction and venue are proper in this Court

79. The individually named Plaintiffs are members of the class they seek to represent

## COUNT I

80. Plaintiffs incorporate all averments and allegations contained in paragraphs 1- 79 above as if fully restated and re-written herein.

81. Defendant Antero violated and breached its contractual duties and responsibilities to Plaintiffs, and Plaintiffs were damaged as set out above.

82. Plaintiffs and all members of the class are entitled to recover all royalties and other damages which they have been deprived of by Defendant Antero's breach of contract and Antero Midstream's actions as a co-conspirator

## COUNT II

83. Plaintiffs incorporate all averments and allegations in paragraphs 1-82 above as if fully restated and re-written herein.

84. As described above, Defendant Antero violated its fiduciary duty and responsibility to Plaintiffs and Plaintiffs were damaged.

85. Plaintiffs and all members of the class are entitled to be paid their full royalties and other damages as described above.

## COUNT III

86. Plaintiffs incorporate all averments and allegations contained in paragraphs 1-85 above as if fully restated and re-written herein.

87. Defendant Antero misrepresented to Plaintiffs that Defendant was entitled to take deductions from Plaintiffs' royalties, and in taking the deductions they improperly reduced Plaintiffs royalty payments, charged Plaintiffs for services performed by an affiliate, specifically Defendant Antero Midstream, and/or wrongfully claimed Plaintiffs' were due less than the amount actually due.

88. Plaintiffs were damaged by Defendants misrepresentations and fraudulent misconduct and that they were denied royalties under their leases.

## COUNT IV

89. Plaintiffs incorporate all averments and allegations contained in paragraphs 1-88 above as if fully restated and re-written herein.

90. The actions of Defendants as set forth above were done intentionally and with reckless disregard for the rights of the Plaintiffs and all members of the class, entitling the plaintiffs to punitive damages for all causes of action alleged.

## PRAYER

**WHEREFORE**, Plaintiffs and the class they seek to represent demand they be awarded damages and equitable and affirmative relief against Defendants, jointly and or severally as follows:

a. Compensatory damages and punitive damages in an amount to be determined by the court and jury:

b. The cost and disbursements of this action, including attorney fees;

c. Prejudgment and post-judgment interest;

d. Equitable and injunctive relief, including requiring an accounting and order requiring Plaintiffs and the Class to be properly paid;

e. That the court find this an appropriate cause to be prosecuted as a class action under Rule 23 of the Federal Rules of Civil Procedure, and that the Court finds that the Plaintiffs, and their counsel, are appropriate representatives and appropriate counsel for the class, and this action will proceed as a Class action on the common issues of law and fact, all as this Court deems just and proper and:

f. For such other further and general relief, compensatory, punitive, equitable, or injunctive, as Court deems just and proper.

Respectfully submitted,

*/s/ Larry D. Shenise*
Larry D. Shenise (0068461)
P.O. Box 471
Tallmadge, Ohio 44278
(330) 472-5622
(330) 294-0044 Fax
ldshenise@sheniselaw.com

and

*/s/ Warner Mendenhall*
Warner D. Mendenhall (0070165)
190 N. Union Street, Suite 201
Akron, OH 44305
(330) 535-9160
(330) 762-9743 Fax
warnermendenhall@gmail.com

*Counsel for Plaintiffs*