UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JEFFREY T. BOND, *et al.*, ) | Case No. 2:17-cv-00014 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE GEORGE C. SMITH |
| ) | |
| ANTERO RESOURCES CORPORATION, ) | MAGISTRATE JUDGE TERENCE P. KEMP |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**DEFENDANT ANTERO RESOURCES CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT**

Defendant Antero Resources Corporation ("Antero") hereby answers the allegations in the Amended Complaint of Plaintiffs Jeffrey T. Bond, Kerri Bond, and Schmidt Family Enterprises, LLC ("Plaintiffs") as follows:

**RESPONSES TO ALLEGATIONS CONCERNING
THE PARTIES AND JURISDICTION**

1. Antero is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 and, therefore, denies the same.

2. Antero is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and, therefore, denies the same.

1

3. In response to the allegations in paragraph 3, Antero admits that it is a corporation organized under the laws of the State of Delaware with its principal place of business at 1615 Wynkoop Street, Denver, Colorado. Antero denies the remaining allegations in paragraph 3.

### RESPONSES TO ALLEGATIONS CONCERNING JURISDICTION

4. Antero denies the allegations in paragraph 4.

5. Antero denies the allegations in paragraph 5.

6. Antero denies the allegations in paragraph 6.

7. Antero denies the allegations in paragraph 7.

8. Antero denies the allegations in paragraph 8.

### RESPONSES TO ALLEGATIONS CONCERNING FACTS COMMON TO ALL CLAIMS FOR RELIEF

9. In response to the allegations in paragraph 9, Antero admits that it was formerly known as Antero Resources Appalachian Corporation and further admits that it is a natural gas and oil producer who drills wells and produces natural gas and oil from the Marcellus and Utica Shale regions in Ohio. Antero denies the remaining allegations in paragraph 9.

10. Antero is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, therefore, denies the same.

11. In response to the allegations in paragraph 11, Antero admits that it entered into an oil and gas lease with Jeffery T. Bond and Kerri T. Bond on June 26, 2013 and that Antero entered into an oil and gas lease with James A. Schmidt and Bonnie J. Schmidt on June 25, 2013. Antero denies the remaining allegations in paragraph 11.

12. In response to the allegations in paragraph 12, Antero admits that the oil and gas lease by and between Antero and Jeffery T. Bond and Kerri T. Bond, dated June 26, 2013, and the oil and gas lease by and between Antero and James A. Schmidt and Bonnie J. Schmidt, dated

June 25, 2013, are binding contracts between the respective lessors and Antero. Further responding, Antero denies the remaining allegations in paragraph 12.

13. The allegations in paragraph 13 state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Antero denies the allegations in paragraph 13.

14. The allegations in paragraph 14 purport to characterize Exhibits 1 and 2 (the "Leases") which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied. Further responding, Antero denies any and all remaining allegations in paragraph 14.

15. The allegations in paragraph 15 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied.

16. In response to paragraph 16, Antero denies the allegations as stated.

17. In response to the allegations in paragraph 17, Antero admits that according to the report submitted by Antero to the Ohio Department of Natural Resources ("ODNR"), API Well No. 34121244550000 was commenced on June 12, 2014 and put into production on December 11, 2014. Further responding, Antero denies the remaining allegations in paragraph 17.

18. In response to the allegations in paragraph 18, Antero admits that according to the report submitted by Antero to ODNR, API Well No. 34121244540000 was commenced on June 13, 2014 and put into production on December 11, 2014. Further responding, Antero denies the remaining allegations in paragraph 18.

19. The allegations in paragraph 19 purport to characterize the report submitted by Antero to ODNR which is a written document that provides the best evidence of its contents, and any allegations contrary to the plain language of the document is denied.

20. The allegations in paragraph 20 purport to characterize the report submitted by Antero to ODNR which is a written document that provides the best evidence of its contents, and any allegations contrary to the plain language of the document is denied.

21. The allegations in paragraph 21 purport to characterize the report submitted by Antero to ODNR which is a written document that provides the best evidence of its contents, and any allegations contrary to the plain language of the document is denied.

22. The allegations in paragraph 22 purport to characterize the report submitted by Antero to ODNR which is a written document that provides the best evidence of its contents, and any allegations contrary to the plain language of the document is denied.

23. Antero denies the allegations in paragraph 23.

24. Antero denies the allegations in paragraph 24.

25. The allegations in paragraph 25 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied.

26. The allegations in paragraph 26 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied.

27. The allegations in paragraph 27 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary

to the plain language of the Leases are denied. Further responding, Antero denies the remaining allegations in paragraph 27.

28. The allegations in paragraph 28 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied.

### RESPONSES TO ALLEGATIONS CONCERNING FIRST CLAIM FOR RELIEF

29. In response to paragraph 29, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

30. The allegations in paragraph 30 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied.

31. Antero denies the allegations in paragraph 31.

32. Antero denies the allegations in paragraph 32.

33. The allegations in paragraph 33 purport to characterize Antero's 2017 Form 10-K Annual Report which is a written document that provides the best evidence of its contents, and any allegations contrary to the plain language of said document is denied. Further responding, Antero is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 33 and, therefore, denies the same.

34. The allegations in paragraph 34 purport to characterize Plaintiffs' remittance statements which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied. Further responding, Antero denies the remaining allegations in paragraph 34.

35. Antero denies the allegations in paragraph 35.

**RESPONSES TO ALLEGATIONS CONCERNING SECOND CLAIM FOR RELIEF**

36. In response to paragraph 36, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

37. The allegations in paragraph 37 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied. Further responding, Antero denies the remaining allegations in paragraph 37.

38. The allegations in paragraph 38 purport to state the law and state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Antero denies the allegations in paragraph 38.

39. The allegations in paragraph 39 purport to state the law and state a legal conclusion to which no response is required. To the extent a response is deemed necessary, Antero denies the allegations in paragraph 39.

40. The allegations in paragraph 40 purport to characterize Plaintiffs' remittance statements which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied. Further responding, Antero denies the remaining allegations in paragraph 40.

41. Antero denies the allegations in paragraph 41.

**RESPONSES TO ALLEGATIONS CONCERNING THIRD CLAIM FOR RELIEF**

42. In response to paragraph 42, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

43. The allegations in paragraph 43 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary

to the plain language of the Leases are denied. Further responding, Antero denies the remaining allegations in paragraph 43.

44.	The allegations in paragraph 44 purport to characterize the Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of the Leases are denied. Further responding, Antero denies the remaining allegations in paragraph 44.

45.	Antero denies the allegations in paragraph 45.

46.	The allegations in paragraph 46 purport to characterize Plaintiffs' remittance statements which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied. Further responding, Antero denies the remaining allegations in paragraph 46.

47.	Antero denies the allegations in paragraph 47.

48.	The allegations in paragraph 48 purport to characterize Plaintiffs' Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied. Further responding, Antero denies the remaining allegations in paragraph 48.

**RESPONSES TO ALLEGATIONS CONCERNING FOURTH CLAIM FOR RELIEF**

49.	In response to paragraph 49, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

50.	The allegations in paragraph 50 purport to characterize Plaintiffs' Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied. Further responding, Antero denies the remaining allegations in paragraph 50.

51. Antero denies the allegations in paragraph 51.

52. The allegations in paragraph 52 purport to characterize Antero's 2017 Form 10-K Annual Report which is a written document that provides the best evidence of its contents, and any allegations contrary to the plain language of said document is denied.  Further responding, Antero denies the remaining allegations in paragraph 52.

53. The allegations in paragraph 53 purport to characterize Plaintiffs' Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied.  Further responding, Antero denies the remaining allegations in paragraph 53.

54. Antero denies the allegations in paragraph 54.

**RESPONSES TO ALLEGATIONS CONCERNING FIFTH CLAIM FOR RELIEF**

55. In response to paragraph 55, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

56. The allegations in paragraph 56 purport to characterize Plaintiffs' Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied.  Further responding, Antero denies the remaining allegations in paragraph 56.

57. The allegations in paragraph 57 purport to characterize Plaintiffs' remittance statements which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied.  Further responding, Antero denies the remaining allegations in paragraph 57.

58. Antero denies the allegations in paragraph 58.

## RESPONSES TO ALLEGATIONS CONCERNING SIXTH CLAIM FOR RELIEF

59. In response to paragraph 59, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

60. The allegations in paragraph 60 purport to characterize Plaintiffs' Leases which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied. Further responding, Antero denies the remaining allegations in paragraph 60.

61. The allegations in paragraph 61 purport to characterize Plaintiffs' remittance statements which are written documents that provide the best evidence of their contents, and any allegations contrary to the plain language of said documents are denied. Further responding, Antero denies the remaining allegations in paragraph 61.

## RESPONSES TO CLASS ACTION ALLEGATIONS

62. In response to paragraph 62, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

63. Antero denies that Plaintiffs are entitled to the class certification sought in the first paragraph 63 and deny any other allegations contained in the first paragraph 63. Further responding, Antero denies that Plaintiffs are entitled to the class certification sought in the second paragraph 63 and deny any other allegations contained in the second paragraph 63.

64. Antero denies the allegations in paragraph 64.

65. Antero denies the allegations in paragraph 65.

66. Antero denies the allegations in paragraph 66.

67. Antero denies the allegations in paragraph 67.

68. Antero denies the allegations in paragraph 68.

9

69. Antero denies the allegations in paragraph 69.

70. Antero denies the allegations in paragraph 70.

71. In response to the allegations in paragraph 71, Antero incorporates by reference as if fully restated herein its responses to the jurisdictional allegations in paragraphs 4-8 above.

72. Antero denies the allegations in paragraph 72.

### RESPONSES TO CLASS ACTION ALLEGATIONS FOR COUNT ONE

73. In response to paragraph 73, Antero incorporates by reference as if fully restated herein its prior admissions, denials, and other averments.

74. Antero denies the allegations in paragraph 74.

75. Antero denies the allegations in paragraph 75.

76. Antero denies that Plaintiffs and the class they seek to represent are entitled to the relief requested in their "PRAYER FOR RELIEF," including subparts (a) through (f), and any other relief.

77. To the extent the headings in the Complaint contain factual assertions, Antero denies the factual assertions contained therein.

78. Antero denies each and every allegation not expressly admitted or otherwise responded to herein. Antero specifically denies that Plaintiffs and the class they seek to represent are entitled to any relief whatsoever of any kind against all of the named defendants in this matter.

### ANTERO RESOURCES CORPORATION'S AFFIRMATIVE DEFENSES AND OTHER DEFENSES TO PLAINTIFFS' AMENDED COMPLAINT

Antero Resources Corporation asserts the following defenses in response to Plaintiffs' claims, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.

1. Plaintiffs' and/or members of the putative class lack standing and/or their claims are not ripe because they have suffered no injury under the facts alleged.

2. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted.

3. Plaintiffs' Amended Complaint and/or members of the putative class's claims are barred, in whole or in part, by the express terms of their respective oil and gas leases.

4. Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by their failure to exhaust available remedies.

5. The claims in Plaintiffs' Amended Complaint cannot be sustained as a class action.

6. This Court lacks jurisdiction to hear Plaintiffs' and/or members of the putative class's claims because of their failure to comply with the requirements including, but not limited to, the jurisdictional requirements of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

7. Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, because they have failed to comply with necessary conditions precedent to filing suit, including, without limitation, the notice or audit provisions of their individual leases.

8. Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrine of waiver, unclean hands, and/or acquiescence.

9. Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrine of ratification.

10. Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the defenses of payment, release, and/or accord and satisfaction.

11. Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the applicable statute of limitations.

12. Plaintiffs' and/or members of the putative class's claims are barred, in whole or in part, by the doctrine of equitable estoppel and/or laches.

13. Plaintiffs have failed to mitigate their damages, if any.

**WHEREFORE**, Antero Resources Corporation requests that judgment be entered against Plaintiffs as follows:

(a) that Plaintiffs' Amended Complaint be dismissed with prejudice and judgment be entered in favor of Antero Resources Corporation and Antero Resources Midstream Management, LLC;

(b) that Antero Resources Corporation recover all costs of this suit as allowed by law;

(c) that Antero Resources Corporation be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ William G. Porter
William G. Porter (0017296), Trial Attorney
Peter A. Lusenhop (0069941)
Steven A. Chang (0088321)
Jessica Knopp Cunning (0089165)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 E. Gay St.
Columbus, OH 43215
Telephone:  (614) 464-6400
Facsimile:   (614) 464-6350
wgporter@vorys.com
palusenhop@vorys.com
sachang@vorys.com
jkcunning@vorys.com

*Attorneys for Defendants Antero Resources Corporation and Antero Resources Midstream Management LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2017 the foregoing was filed electronically. Notice of this filing will be sent to all parties who have appeared in this action via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ William G. Porter
William G. Porter (0017296)